**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HEATH A. MATHERNE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-3396** |
| **STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES, GENECIA HILL, AND LAFOURCHE PARISH SCHOOL BOARD** | **SECTION: T (3)** |

**ORDER**

Before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief May Be Granted[1] filed by defendant Genecia Hill ("Hill"). Heath A. Matherne ("Plaintiff") has filed an opposition.[2] For the following reasons, the motion to dismiss is **GRANTED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

This matter arises out of Plaintiff's claim for monetary damages under 42 U.S.C. § 1983 against Hill, State of Louisiana through the Department of Children and Family Services ("DCFS"), and LaFourche Parish School Board (collectively, "Defendants"). Plaintiff alleges Defendants violated his constitutional rights by taking Plaintiff's minor daughter from school due to allegations of child abuse without first notifying Plaintiff.[3] Hill moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) contending the complaint fails to state a claim upon which relief may be granted and asserting Hill is entitled to qualified immunity. Plaintiff opposes the motion and claims Hill is not entitled to qualified immunity

---

[1] R. Doc. 7.
[2] R. Doc. 15.
[3] R. Doc. 1-2.

1

because Plaintiff's daughter was taken from school without any warrant, court order, evidence, exigent circumstances, or any notification to Plaintiff.

## LAW AND ANALYSIS

### A. Rule 12(b)(1) and Rule 12(b)(6) Standards

Federal Courts are courts of limited jurisdiction, possessing only the authority granted by the United States Constitution and conferred by the United States Congress.[4] Motions to dismiss based on Eleventh Amendment sovereign immunity are analyzed under Rule 12(b)(1) of the Federal Rules of Civil Procedure, which provides that a court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[5] The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.[6] Courts should determine whether subject-matter jurisdiction is present before addressing other issues.[7]

Rule 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[8] Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.[9] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] In evaluating a complaint under Rule 12(b)(6), the court should confine itself to the pleadings,[11] and the documents attached to the complaint.[12]

---

[4] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[5] *St. Tammany Parish ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir.2009).
[6] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[7] *Ramming*, 281 F.3d at 161 (*citing Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).
[8] Fed. R. Civ. P. 12(b)(6).
[9] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[11] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[12] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

### B. Claims Against Hill in Her Official Capacity

Under the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." This broad grant of immunity also extends to federal suits against a state brought by the citizens of that state.[13] The Eleventh Amendment bars claims for damages when the claimant is suing state officers in their official capacities, and the damages would be paid out of the state treasury.[14]

In this case, Plaintiff's complaint asserts a 42 U.S.C. §1983 claim against Hill, an employee of DCFS, and seeks recovery of monetary damages. To the extent Plaintiff's claim is made against Hill in her official capacity, Hill is not considered a person for purposes of §1983.[15] Therefore, the claim for monetary damages against Hill in her official capacity is barred by sovereign immunity, and this Court lacks subject matter jurisdiction over the 42 U.S.C. §1983 claim against Hill in her official capacity.

### C. Claims Against Hill in Her Individual Capacity

State child care workers such as Hill are entitled to qualified immunity in the performance of discretionary, non-prosecutorial functions.[16] To determine whether a defendant may successfully avail herself of the defense of qualified immunity with regard to individual capacity claims under Section 1983, the court undertakes a two-step analysis. First, the court must determine whether the plaintiff has alleged "the violation of a clearly established constitutional right."[17] Second, if such a violation is alleged, the court next considers "whether the allegedly

---

[13] *See Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).
[14] *Chrissy F. by Medley v. Mississippi Dep't of Pub. Welfare*, 925 F.2d 844, 849 (5th Cir. 1991).
[15] *Burnette v. Brooks*, 250 F.3d 740 (5th Cir. 2001).
[16] *See Stem v. Ahearn*, 908 F.2d 1, 5 (5th Cir. 1990), *cert. denied,* 498 U.S. 1069 (1991).
[17] *Spann v. Rainey,* 987 F.2d 1110, 1114 (5th Cir. 1993) (*quoting Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991)).

violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in the light of that then clearly established law."[18]

The complaint alleges that Hill took Plaintiff's minor child from Raceland Upper Elementary School without a court order,[19] and that Hill would not tell Plaintiff where his child was being held.[20] These assertions fail to allege that Hill violated a clearly established constitutional right or that Hill's actions were objectively unreasonable in light of clearly established laws. Hill is, therefore, entitled to qualified immunity to the extent Plaintiff's claims are asserted against Hill in her individual capacity.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief May Be Granted[21] filed by defendant Genecia Hill is **GRANTED**. Heath A. Matherne's claims pursuant to 42 U.S.C. §1983 against Genecia Hill are **DISMISSED WITHOUT PREJUDICE**.

**New Orleans, Louisiana**, on this 21st day of January, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[18] *Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir.1998) (*internal citations omitted*).
[19] R. Doc. 1-2, ¶5.
[20] R. Doc. 1-2, ¶7.
[21] R. Doc. 7.

4