UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HEATH A. MATHERNE                                              CIVIL ACTION

VERSUS                                                         NO: 18-3396

STATE OF LOUISIANA, THROUGH                                    SECTION: T (3)
THE DEPARTMENT OF CHILDREN
AND FAMILY SERVICES, GENECIA
HILL, AND LAFOURCHE PARISH
SCHOOL BOARD

## ORDER

Before the Court is a Motion for Summary Judgment[1] filed by Heath A. Matherne ("Plaintiff") and a Motion for Summary Judgment[2] filed by Lafourche Parish School Board. For the following reasons, the Plaintiff's Motion for Summary Judgment[3] is **DENIED** and the Lafourche Parish School Board's Motion for Summary Judgment[4] is **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of Plaintiff's claim for monetary damages under 42 U.S.C. § 1983 against the State of Louisiana through the Department of Children and Family Services ("DCFS") and Lafourche Parish School Board (collectively, "Defendants"). Plaintiff alleges Defendants violated his constitutional rights by taking Plaintiff's minor daughter from school due to allegations of child abuse without first notifying Plaintiff.[5] Plaintiff moves for summary judgment contending the undisputed material facts show that Defendants are not entitled to qualified immunity and that Defendants violated Plaintiff's constitutional rights by seizing Plaintiff's

---

[1] R. Doc. 18.
[2] R. Doc. 23.
[3] R. Doc. 18.
[4] R. Doc. 23.
[5] R. Doc. 1-2.

1

daughter without first notifying him.[6] Lafourche Parish School Board moves for summary judgment contending it is entitled to immunity from liability under Louisiana Children's Code article 611.[7]

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[9] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[10] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[11] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[12]

Plaintiff's motion asserts that Genecia Hill ("Hill") and DCFS are not entitled to qualified immunity but focuses primarily on Hill's actions. The Court has already determined Hill is entitled to qualitied immunity for the reasons provided in this Court's order granting Hill's motion to dismiss.[13] Although the Court's order did not evaluate whether DCFS is entitled to qualified immunity, Plaintiff's motion for summary judgment fails to establish liability on the part of DCFS.

---

[6] R. Doc. 18-1.
[7] R. Doc. 23-1.
[8] Fed. R. Civ. P. 56(a).
[9] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[10] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[11] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[12] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).
[13] R. Doc. 56.

Plaintiff's motion merely asserts that "because defendants had no evidence of reasonable suspicion that Matherne was abusing his child, they violated Matherne's right to his familial relationship and rights as a domiciliary parent by seizing Brynn and ostensibly questioning her without notifying or obtaining consent from Matherne."[14] The Court finds Plaintiff's motion fails to establish undisputed material facts supporting that Plaintiff is entitled to judgment as a matter of law against DCFS.

Lafourche Parish School Board asserts it is entitled to immunity under Louisiana Children's Code article 611, which states in relevant part that "[n]o cause of action shall exist against any ... [p]erson who in good faith makes a report, cooperates in any investigation arising as a result of such report, or participates in judicial proceedings under the provisions of this Chapter."[15] "This immunity shall not be extended to ... [a]ny person who makes a report known to be false or with reckless disregard for the truth of the report."[16] Good faith is presumed and the plaintiff has the burden of establishing the facts necessary to defeat statutory immunity.[17] In this case, the Court finds that Plaintiff has not established facts showing that the Lafourche Parish School Board did not act as a good faith reporter of suspected abuse and a cooperative party in the resulting investigation.

It is undisputed that Plaintiff's daughter reported details of abuse by the Plaintiff to her teacher, Perserpia Clark.[18] Ms. Clark viewed the allegations as credible and therefore submitted a "Confidential Department of Social Services, Office of Community Services Written Report Form

---

[14] R. Doc. 18-1, p.6.
[15] La. Ch. Code art. 611 (A)(1)(a).
[16] *Id.* § 611(B)(2).
[17] *James v. Woods*, 2017 WL 2798523, at *4 (E.D. La. June 28, 2017), *aff'd,* 899 F.3d 404 (5th Cir.2018) (*citing Vincent v. Milligan*, 916 So. 2d 238, 242 (La. App. 1st Cir. 2005) (*citing Lambert v. Riverboat Gaming Enf. Div.*, 706 So. 2d 172, 175 (La. App. 1st Cir. 1997); *Kyle v. Civ. Serv. Comm'n*, 588 So. 2d 1154, 1158-60 (La. App. 1st Cir. 1991); *Corley v. Village of Florien*, 889 So. 2d 364 (La. App 3rd Cir. 2004))).
[18] R. Doc. 23-6.

3

for Mandated Reporters of Child Abuse/Neglect Form" to DCFS.[19] The next day, Hill visited to the school to investigate the report.[20] Hill presented her credentials to Lafourche Parish School Board employees and advised that she was investigating the report of abuse regarding Plaintiff's daughter.[21] When asked what to do when Plaintiff arrived at school to pick his daughter up at dismissal, Hill instructed that the school provide him with the telephone number for DCFS.[22] The Lafourche Parish School Board employees merely followed the instructions of DCFS and cooperated in the investigation. The Lafourche Parish School Board is, therefore, entitled to judgment as a matter of law finding that the Lafourche Parish School Board is immune from liability under Louisiana Children's Code article 611.[23]

## **CONCLUSION**

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Heath A. Matherne's Motion for Summary Judgment[24] is **DENIED** and that the Lafourche Parish School Board's Motion for Summary Judgment[25] is **GRANTED**. Heath A. Matherne's claims against the Lafourche Parish School Board's are **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana**, on this 29th day of January, 2020.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[19] R. Doc. 23-6.
[20] R. Doc. 23-5.
[21] R. Doc. 23-5.
[22] R. Doc. 23-5.
[23] R. Doc. 23-1.
[24] R. Doc. 18.
[25] R. Doc. 23.

4