UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HEATH A. MATHERNE | CIVIL ACTION |
| VERSUS | NO: 18-3396 |
| STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES, GENECIA HILL, AND LAFOURCHE PARISH SCHOOL BOARD | SECTION: T (3) |

**ORDER**

Before the Court is Heath A. Matherne's Motion to Reconsider (R. Doc. 61) the Court's Order[1] granting the Motion to Dismiss for Insufficient Service by Defendant State of Louisiana through the Department of Children and Family Services ("DCFS").[2] For the following reasons, the Motion to Reconsider (R. Doc. 61) filed by Heath A. Matherne ("Plaintiff") is **DENIED**.

**BACKGROUND**

This matter arises out of Plaintiff's claim for monetary damages under 42 U.S.C. § 1983 against the State of Louisiana through the Department of Children and Family Services ("DCFS"). In February 2018, Plaintiff filed suit in the 17th Judicial District Court against DCFS alleging DCFS violated his constitutional rights by taking Plaintiff's minor daughter from school due to allegations of child abuse without first notifying Plaintiff.[3] Plaintiff's complaint requested service on DCFS through, "Office of the Secretary James M. Le Blanc 504 Mayflower St, Baton Rouge,

---
[1] R. Doc. 59.
[2] R. Doc. 22.
[3] R. Doc. 1-2.

1

LA."[4] On March 29, 2018, defendant Genecia Hill removed the case to the Eastern District of Louisiana.[5] On April 4, 2018, defendant Hill filed a Notice of Compliance attaching copies of the state court filings.[6] The citation for DCFS indicates DCFS was served through the Secretary James M. LeBlanc on March 6, 2018.[7]

On December 19, 2018, DCFS moved to dismiss Plaintiff's complaint against DCFS for improper service.[8] Plaintiff did not file any opposition to DCFS's motion to dismiss. On January 30, 2020, the Court granted DCFS's motion to dismiss for insufficient service because the record reflects Plaintiff requested and effected service on James LeBlanc, the Secretary of the Department of Public Safety and Corrections ("DPSC").[9] LeBlanc is the head of DPSC, not the chief executive officer of DCFS.[10]

On February 7, 2020, Plaintiff filed a motion to reconsider and attached a citation showing personal service was made on DCFS through its secretary, Marketa Garner Walters, 627 N. Fourth Street, Baton Rouge, LA 70802 on March 23, 2018.[11] On April 2, 2018, after defendant Genecia Hill had removed this case to the Eastern District of Louisiana, Plaintiff filed a return showing service on DCFS through its secretary with the 17th Judicial District Court. Although this suit was filed in February 2018 and removed in March 2018, Plaintiff failed to file any evidence of service on DCFS into this Court's records until February 7, 2020, after this Court granted DCFS's motion to dismiss for insufficient service.

---

[4] R. Doc. 1-2.
[5] R. Doc. 1.
[6] R. Doc. 6.
[7] R. Doc. 6-2.
[8] R. Doc. 22.
[9] R. Doc. 1-2, p.5.
[10] R. Doc. 22-1, p.2.
[11] R. Doc. 61-2.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes a district court to revise any order at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[12] Under Rule 54(b), the Court is "free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[13] A motion for reconsideration "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[14] Such a motion "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[15] Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.[16]

In this case, the Plaintiff had ample opportunity to offer evidence showing that DCFS was properly served through its secretary, Marketa Garner Walters. The return attached to Plaintiff's February 7, 2020 motion for reconsideration shows that service was effectuated on March 23, 2018.[17] Plaintiff had nearly two years to file this evidence into this Court's records but failed to do so. Additionally, Plaintiff had ample opportunity to file an opposition memorandum to DCFS's motion to dismiss for insufficient service, which was filed on December 22, 2018 and decided on January 30, 2020. Plaintiff neglected to file any opposition to DCFS's motion to dismiss.

---

[12] *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).
[13] *Id.*
[14] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (*citations and internal quotation marks omitted*).
[15] *Lacoste v. Pilgrim Int'l*, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009).
[16] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).
[17] R. Doc. 61-2.

3

Therefore, Plaintiff has failed to establish a manifest error of law or fact or to present newly discovered evidence sufficient to support Plaintiff's motion for reconsideration.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion to Reconsider (R. Doc. 61) filed by Heath A. Matherne is **DENIED**.

**New Orleans, Louisiana**, on this 27th day of March, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**