# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HEATH A. MATHERNE | CIVIL ACTION |
| VERSUS | NO: 18-3396 |
| STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES, GENECIA HILL, AND LAFOURCHE PARISH SCHOOL BOARD | SECTION: T (3) |

## ORDER

Before the Court is Heath A. Matherne's Motion to Reconsider (R. Doc. 62) the Court's Order[1] granting the Motion to Dismiss for Failure to State a Claim Upon Which Relief Man Be Granted by Defendant Genecia Hill ("Hill").[2] For the following reasons, the Motion to Reconsider (R. Doc. 62) filed by Heath A. Matherne ("Plaintiff") is **DENIED**.

## BACKGROUND

This matter arises out of Plaintiff's claim for monetary damages under 42 U.S.C. § 1983 against Hill. Plaintiff alleges Hill, along with other defendants, violated his constitutional rights by taking Plaintiff's minor daughter from school due to allegations of child abuse without first notifying Plaintiff.[3] Hill moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) contending the complaint fails to state a claim upon which relief may be granted and asserting Hill is entitled to qualified immunity. Plaintiff opposed the motion, claiming Hill is not entitled to qualified immunity because Plaintiff's daughter was taken from school without any warrant, court order, evidence, exigent circumstances, or any notification to

---

[1] R. Doc. 55.
[2] R. Doc. 7.
[3] R. Doc. 1-2.

1

Plaintiff. The Court granted Hill's motion to dismiss, and Plaintiff now moves for reconsideration. Plaintiff contends the allegations in Plaintiff's petition establish that Hill violated both his Fourth Amendment and Fourteenth Amendment rights against the seizure of his daughter.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes a district court to revise any order at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[4] Under Rule 54(b), the Court is "free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[5] A motion for reconsideration "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[6] Such a motion "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[7] Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.[8]

In this case, Plaintiff's motion to reconsider rehashes the legal theories and arguments offered in Plaintiff's opposition to Hill's motion to dismiss and available to Plaintiff before entry of the order. Plaintiff, again, asserts his petition stated a claim for relief against Hill because Hill did not have qualified immunity and because Hill violated Plaintiff's constitutional rights. Plaintiff

---

[4] *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).
[5] *Id.*
[6] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (*citations and internal quotation marks omitted*).
[7] *Lacoste v. Pilgrim Int'l*, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009).
[8] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

has not clearly established either a manifest error of law or fact and has not present newly discovered evidence sufficient to warranting reconsideration of the Court's order granting Hill's motion to dismiss.

## **CONCLUSION**

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion to Reconsider (R. Doc. 62) filed by Heath A. Matherne is **DENIED**.

**New Orleans, Louisiana**, on this 27th day of March, 2020.

_____
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**